UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENUS MEDICAL TECHNOLOGIES, LLC, ) ) ) Plaintiffs, ) ) v. ) ) BRACCO DIAGNOSTICS, INC., et al, ) ) Defendants. ) | Case No. 4:19-cv-03150-SEP **FILED UNDER SEAL** |

## MEMORANDUM AND ORDER

Before the Court are four motions for continued sealing, Docs. [446], [449], [451], [453]. For the reasons set forth below, the motions are granted in part.

### FACTS AND BACKGROUND

Because of the unusually high volume of motions to seal that the parties filed in this matter, coupled with the consistently meritorious nature of their motions, the Court took the highly unusual step of provisionally authorizing the sealing of memoranda and exhibits that contained sensitive information, assuming that information was similar in kind to the information the Court had already authorized the parties to file under seal. *See* Doc. [330]. The parties were provided with provisional leave to file such documents under seal without filing motions requesting permission to seal, but they were required to file redacted versions of any sealed documents on the public docket. If anything filed under seal did not meet the legal standard for sealing, the Court reserved the right to order such information unsealed after appropriate notice to the parties.

On June 12, 2024, the Court issued a sealed order granting in part and denying in part Defendants' Joint Motion for Summary Judgment. *See* Doc. [421]. On that same day, the Court also issued a sealed order on the parties' *Daubert* motions. *See* Doc. [423]. In each of those orders, the Court included the following:

> **IT IS FURTHER ORDERED** that this Order shall be filed *provisionally* **UNDER SEAL**. The parties shall have thirty (30) days to file a motion to continue sealing in accordance with E.D. Mo. L.R. 13.05. If no such motion is filed, this Order, the Complaint, the motions, the memoranda, and all relevant exhibits, shall be unsealed **sixty (60) days** from this date.

Docs. [421] at 53; [423] at 36. All parties timely filed motions for continued sealing that included proposed redactions to the Court's orders. *See* Docs. [446], [449], [451], [453].

On January 8, 2025, the Court ordered the parties to file supplemental briefing on their motions to seal. *See* Doc. [582]. The Court noted that the presumption of public access to the records was relatively strong, as the parties sought to redact portions of the Court's orders and file under seal documents the Court relied on in those orders. The Court directed the parties as follows:

> (1) Each party must identify the exhibits referenced in the Court's orders, Docs. [421] & [423], that it seeks to keep under seal. For each such exhibit, the party seeking sealing must provide (a) the CM/ECF docket entry number of the exhibit, including the docket entry for the sealed version and the redacted version, if applicable; and (b) specific factual and legal reasons justifying sealing.
>
> (2) Each party must identify the portions of the Court's orders, Docs. [421] & [423], it believes should be redacted, along with specific factual and legal reasons justifying each redaction.

Doc. [582] at 2-3. The Court received the parties' supplemental briefing on March 24, 2025. Doc. [585]. This Order follows.

## LEGAL STANDARD

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id*. at 1223 (quoting *Amodeo*, 71 F.3d at 1049). When documents are filed with dispositive motions, the presumption of public access is harder to overcome. *See Ball-Bey v. Chandler*, 2024 WL 888396, at *4 (E.D. Mo. Feb. 13, 2024) (collecting cases).

**DISCUSSION**

Upon review of the parties' well-organized and thorough supplemental briefing, the Court concludes that most of the information the parties seek to file under seal and/or redact from the Court's previous orders is highly sensitive, non-public information and the parties' interest in maintaining the confidentially in the material at issue outweighs the public's right of access. As such, the Court approves the parties' requested redactions to the Court's orders, Docs. [421] & [423]. *See* Docs. [585-3]; [585-6]; [585-9]. As for the exhibits, the Court will likewise allow most of them to remain under seal. There are certain documents the parties request to seal in their entirety, though, while not asking the Court to redact direct quotes from the same documents from its orders. For example, Bracco seeks to seal Ms. Jung's entire expert report, *see* Docs. [298-2]; [585-5] at 12-13, but it does not seek to redact from the Court's order, Doc. [423] at 3, the quotes that are taken directly from Ms. Jung's report. *See* Doc. [585-6]. Any information *directly quoted* in the Court's orders, Docs. [421] & [423], must be unredacted and filed on the public docket, unless the Court has granted the parties leave to redact the quotes from its orders. *See* Doc. [585-3]; [585-6]; [585-9].[1]

Accordingly,

**IT IS HEREBY ORDERED** that the parties' motions for continued sealing, Docs. [446], [449], [451], [453], are **GRANTED** in part.

**IT IS FURTHER ORDERED** that parties shall, within sixty (60) days of the date of this Order, jointly file redacted versions of Docs. [421] & [423].

**IT IS FINALLY ORDERED** that the parties shall, within sixty (60) days of the date of this Order, file redacted versions of any documents that contain information directly quoted in the Court's orders, Docs. [421] & [423]. As noted above, this does not apply to the quotes that the Court has granted leave to redact from its orders. *See* Doc. [585-3]; [585-6]; [585-9].

Dated this 31st day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] In reviewing the parties' latest submissions, the Court came across several documents filed unredacted on the public docket despite containing what the parties claim is sensitive business information. *See, e.g.*, Docs. [298-9]; [298-5]; [298-6]; [299-1]. If the parties wish to seal the sensitive information in those documents, they should withdraw the unredacted documents and refile them with appropriate redactions.